## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JUDY DAVIS,

        Plaintiff,

v.

                             CASE No. 8:20-cv-1058-TGW

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security,[1]

        Defendant.

_____

## O R D E R

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[2]  Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

---

[1]Kilolo Kijakazi became the Commissioner of Social Security on July 9, 2021, and should be substituted as the defendant.  See Fed. R. Civ. P. 25(d).

[2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 17).

I.

The plaintiff, who was fifty-four years old at the time of the administrative hearing and who has three years of a college education, has worked as a service investigator, customer service representative, and a health unit clerk (Tr. 19, 87, 93). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to left lower lumbar sacral muscle tear, right leg nerve damage (sciatica), vision, bladder, anxiety, depression, bulging disc problems, back spasms, lower back pain, disc desiccation with loss of disc height, herniated disc, high blood pressure, and right peroneal neuropathy radiology (Tr. 459). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of disorders of the spine, invasive lobular carcinoma, left breast, neuropathy, right foot, carpal tunnel syndrome, nuclear sclerosis, OU, floaters, eyelid lesion, lattice degeneration, macular hole, retinal hole and peripheral retinal degeneration, lymphedema, left arm, neuropathy, bilateral hands and right lower extremity (big toe) (Tr. 13–14). The law judge

2

determined that, with those impairments, the plaintiff had the following residual functional capacity (Tr. 16):

> [She could] perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: occasional pushing and pulling with right lower extremity and left upper extremity; occasional postural activities, but can never climb ladders, ropes and scaffolds; occasional overhead reaching with the left upper extremity, but frequent reaching and all other directions; frequent bilateral handling and fingering; no more than occasional exposure to extreme temperatures, vibration, humidity and workplace hazards, such as unprotected heights and moving mechanical parts; if use of a computer in the workplace is required, she must be able to enlarge the font; and she cannot have a job that requires identification or recognition of an individual or customer.

The law judge concluded that, based on the testimony of a vocational expert, the plaintiff was able to perform her past relevant work as a service investigator, customer service representative, and health unit clerk (Tr. 19). Additionally, in light of the testimony of the vocational expert, the law judge determined that the plaintiff could perform other jobs that exist in significant numbers in the national economy, such as clerical sorter and appointment clerk (Tr. 20–21). Consequently, the law judge found that the plaintiff was not disabled (Tr. 21). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner of Social Security.

3

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if she is capable of performing her previous work 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B). In this case, also, the plaintiff must show that she became disabled before her insured status expired on September 30, 2017, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952, 100 S.Ct. 428, 62 L.Ed.2d 323. There is not a similar requirement with respect to the plaintiff's claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C.

4

405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the

claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff's sole argument is that the law judge erred by failing to ask a complete hypothetical question to the vocational expert (Doc. 25, p. 6). In this case, the law judge asked the vocational expert a hypothetical question that included the limitation that "if [the plaintiff is] working at a computer . . . she needs to be able to enlarge the font . . . she needs to . . . have a computer that that can happen" (Tr. 121). The plaintiff contends that the law judge erred by not including an additional visual limitation in this hypothetical, specifically, "the inability to see small print on a piece of paper or tangible item" (Doc. 25, p. 8). The plaintiff argues that, had this limitation been included, "the vocational expert may very well have excluded all of the claimant's past work, as well as the other jobs he identified" (<u>id</u>., pp. 8–9). This contention is unpersuasive.

First, there is not an issue with the hypothetical question. The issue—if any at all—is with the residual functional capacity. Importantly though, the plaintiff does not raise a challenge to the law judge's residual functional capacity finding. The Scheduling Order provides that the plaintiff

6

was required to "identify with particularity the discrete grounds upon which the administrative decision is being challenged" (Doc. 18, p. 2). Thus, because the plaintiff did not specifically articulate a challenge to the residual functional capacity finding, any such challenge is deemed forfeited.[3] Accordingly, the only issue properly (but erroneously) raised concerns the adequacy of the hypothetical question.

As indicated, the plaintiff contends that the law judge erred by not including an additional visual limitation in her hypothetical question to the vocational expert of "the inability to see small print on a piece of paper or tangible item" (Doc. 25, p. 8). This challenge to the hypothetical question is meritless because the law judge did not include this limitation in the residual functional capacity (Tr. 160). See Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1161 (11th Cir. 2002) (stating that the law judge is not required to include restrictions in the hypothetical question that she properly finds are unsupported). Because there are no limitations regarding the plaintiff's ability to read print in the residual functional

---

[3]Any other contention is forfeited, in accordance with the Scheduling Order and Memorandum Requirements (see Doc. 18, p. 2). See also Sanchez v. Commissioner of Social Security, 507 Fed. Appx. 855, 859, n.1 (11th Cir. 2013) citing Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("A legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

capacity finding, such limitations are not required to be in the hypothetical question to the vocational expert. Thus, the hypothetical question properly matched the residual functional capacity found by the law judge so that there is no error with respect to the hypothetical question (compare Tr. 16 with Tr. 121).

However, even assuming the plaintiff had challenged the residual functional capacity, any such challenge would fail for various reasons. First, as the Commissioner emphasizes in her memorandum, the law judge found that the plaintiff was able to return to her past work (Doc. 26, p. 3).[4] The plaintiff argues that, had the additional visual limitation been included, "the vocational expert may very well have excluded all of the claimant's past work, as well as the other jobs he identified" (Doc. 25, p. 8–9). However, the plaintiff had the burden to show that she was unable to return to her past work. See Jackson v. Bowen, 801 F.2d 1291, 1293–94 (11th Cir. 1986) (providing that a claimant bears the burden of proving that he is unable to perform his past relevant work). The plaintiff failed to carry her burden because she provided no citations to the record to support a conclusion that she was unable to return to her past work. She merely

---

[4]Because there was a finding that the plaintiff could return to her past work at step four of the sequential analysis, it is unnecessary to consider whether she could perform the additional jobs identified by the vocational expert and law judge.

8

speculated that the inclusion of the additional limitation "may very well" have led to such a conclusion, which clearly falls short of meeting her burden (Doc. 25, p. 9; Manzo v. Commissioner of Social Security, 408 Fed. Appx. 265, 269 (11th Cir. 2011) (providing that the plaintiff's argument was "pure speculation," and thus was rejected, as the plaintiff "pointed to no evidence in the record" to support his argument); Klaes v. Commissioner of Social Security, 719 Fed. Appx. 893, 896–897 (11th Cir. 2011) (concluding that evidence presented by the plaintiff was "mere speculation" as such evidence was not supported by the record)).

In all events, the plaintiff failed to provide any evidence that would compel a reversal based on this contention. As indicated, in Adefemi v. Ashcroft, the court held that, under the substantial evidence test, in order to overturn a finding of fact by an administrative agency, a plaintiff must point to evidence which compels a different conclusion. 386 F.3d at 1028. The plaintiff has not identified any such evidence and, in fact, evidence in the record refutes the plaintiff's contention.

For instance, during the examination of the plaintiff by her representative, the plaintiff was asked questions regarding her ability to read on a computer screen (Tr. 104–106). The plaintiff stated that she must enlarge the font on the computer screen and stated her need to "read up close"

9

(Tr. 105). The plaintiff further noted that during work meetings with presentations on a board, she was accommodated by being provided printed versions of the presentations since she had difficulty seeing the board (id.). However, the plaintiff stated that she was given regular print and not large print of these presentations (Tr. 105–106):

> Q:  Can you read up close with your glasses?
>
> A:  Yeah, I have to read up close.
>
> Q: Do you have the same challenges reading up close as you do -- is that why you need to enlarge the computer, or --
>
> A: You know what I do, I generally just do it with my naked eye and try to read . . . . At work when they have presentations on the board . . . I need to see the board . . . so . . . I try to sit up close . . . . And the job tries to get [] stuff printed for me.
>
> Q: Large print?
>
> A: Like the PowerPoint of it.
>
> Q: Large print or regular print?
>
> A:  The regular print. They try to get it printed for me the PowerPoint because I can't see the screen.

Aside from this testimony, the plaintiff's representative did not develop the plaintiff's ability to read regular print.   Further, the representative did not adduce any testimony regarding the extent to which her job required her to read regular print.  Thus, the plaintiff did not make

10

any showing that her job as actually performed required her to read regular print and that she was unable to do so.

There are two instances in the record where the plaintiff reported to her ophthalmologist that she "cannot see really small print" (Tr. 1837, 1843). Those statements do not support the plaintiff's claim that she could not perform her work due to a vision problem. Significantly, the plaintiff has not pointed to any other evidence in the record that supports her contention.

Due to a lack of record evidence, the plaintiff simply argues that "[t]he decision implicitly found that the [plaintiff] had difficulty reading and seeing <u>normal</u> sized computer fonts and . . . [l]ogically, [then,] she also could not read or see <u>the same sized font</u> or print on a piece of paper or other items" (Doc. 25, p. 8) (emphasis added). Contrary to the plaintiff's contention, the law judge explicitly found that the plaintiff could read. Thus, the law judge stated, "I concede that collectively, these impairments of the left eye cause some restrictions in the claimant's visual abilities. However, she is still able to see well enough to read, provided there is large print .... Thus, the claimant appears to be well able to perform work within the above referenced RFC, as it accommodates her visual impairments" (Tr. 18). This conclusion by the law judge is supported by the evidence in the record. It is within the

purview of the law judge to weigh the evidence and to determine whether or not the plaintiff is disabled.

For these reasons, the plaintiff has failed to carry her burden to show that she cannot perform her past work. Therefore, the decision of the Commissioner of Social Security will be affirmed.

It is, therefore, upon consideration,

ORDERED:

That the Commissioner's decision is hereby **AFFIRMED**. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 14ᵗʰ day of September, 2021.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

12